# UNITED STATES DISTRICT COURT

**for**

## WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION

U.S.A. vs. ___**Clifton Qualls**___                    Docket No. ____**2:97CR20098-04**____

### Petition on Probation and Supervised Release

       **COMES NOW** ___Gerald Hunt___ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of ___Clifton Qualls___ who was placed on supervision by the Honorable _Julia Smith Gibbons_ sitting in the court at __Memphis, TN__ on the _30th_ day of _June_ , _1998_ who fixed the period of supervision at _three (3) years*_ , and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.     The defendant shall submit to drug testing and treatment as directed by the probation office.
2.     The defendant shall provide full financial disclosure as directed by the probation office.
3.     The defendant shall make restitution in the amount of $18,031.00 at a rate of 10% of his monthly gross income. (Balance $17,806.00)

      *Supervised Release began on November 25, 2003.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
(If short insert here; if lengthy write on separate sheet and attach)

The defendant has violated the following condition of his Supervised Release:

**The defendant shall not illegally possess a controlled substance.**

Mr. Qualls voluntarily admitted that he used marijuana on January 11, 2005. He tested positive for marijuana on March 31, 2005 and October 31, 2005. He voluntarily admitted that he used marijuana on November 15, 2005.

**PRAYING THAT THE COURT WILL ORDER** a Summons be issued for Clifton Qualls to appear before the United States District Court to answer charges of violation of Supervised Release.

### ORDER OF COURT

Considered and ordered _9th_ day of _January_ , 20_05_ and ordered filed and made a part of the records in the above case.

/S/ Judge Benice Bouie Donald
United States District Court

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___JANUARY 3, 2006___

___Gerald Hunt___
U. S. Probation Officer

Place:__Memphis, TN__

# VIOLATION WORKSHEET

1.  **Defendant**     Clifton Qualls,    3714 Skylark, Memphis,  TN 38109

2.  **Docket Number (Year-Sequence-Defendant No.)**     2:97CR20098-04

3.  **District/Office**     Western District of Tennessee (Memphis)

4.  **Original Sentence Date**     _6_ /30_ / 1998_
    (If different than above):     month    day    year

5.  **Original District/Office**  _____

6.  **Original Docket Number (Year-Sequence-Defendant No.)**  _____

7.  List each violation and determine the applicable grade {see §7B1.1}:

    | Violation(s) | Grade |
    |---|---|
    | ● Illegally possessed/used a controlled substance | C |
    | ● | |
    | ● | |
    | ● | |
    | ● | |
    | ● | |
    | ● | |
    | ● | |

8.  Most Serious Grade of Violation (see §7B1.1(b))     C

9.  Criminal History Category (see §7B1.4(a))74     I

10. Range of imprisonment (see §7B1.4(a))     | 3 -9     months |
    **\*Being originally convicted of a Class B Felony, the statutory maximum term of imprisonment is three (3) years; 18 U.S.C. §3583(e)(3).**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    {X }    (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }     (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    { }     (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

    Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W
    Suite    1400, Washington, D.C., 20004, Attention:  Monitoring Unit

**Defendant**   Clifton Qualls

12.  Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____ $17,846.00 _____          Community Confinement _____ N/A _____

Fine ($) _____ N/A _____          Home Detention _____ N/A _____

Other _____ N/A _____          Intermittent Confinement ___ N/A _____

13.  Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.  Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.  Official Detention Adjustment {see §7B1.3(e)}: _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit`**